IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  MARK ERIC BAILEY,  : Chapter 13
A/K/A MARK BAILEY, A/K/A  : Case No.  16-10825
MARK E. BAILEY,  :

## FIRST AMENDED CHAPTER 13 PLAN

The Debtor(s) above named hereby submits his/her/their future net disposable income and/or assets as provided herein to such supervision and control of the Trustee as is reasonably necessary for the execution of the Plan and proposes the following pursuant to 11 U.S.C. 1321 and 1322:

1. <u>Debts</u>.  All debts are provided for by this Plan.  Only creditors holding timely filed and allowed claims shall be entitled to payments from the Trustee.  (See Notice of Filing of Bar Date.)  <u>The Chapter 13 Trustee has no obligation to file a claim on behalf of any creditor</u>.

2. <u>Plan Funding</u>.

| | |
|---|---|
| The total Plan Funding - | $275,135.00 |
| Monthly Installment | $650.00 |
| Payment Start date | 3/8/16 |
| Term of Plan | 60 months |

In addition to the monthly plan installments, during the 5 years of this plan, the Debtor shall contribute, on no less than a semi-annual basis, lump sum payments that will total $47,227.00 per year ($236,135.00 total).

3. <u>Plan Distribution</u>.  The Trustee, from available funds, shall make payments to creditors in the following amounts and order -

A. <u>Standing Trustee Percentage Fee</u>.  Pursuant to 28 U.S.C. §586(e)(B), the Attorney General, after consultation with the United States Trustee, sets a percentage fee not to exceed ten percent of payments made to creditors by the Trustee under the terms of this Plan.

B. <u>Debtor's Attorney</u>:  Estimated counsel fees and costs total $5,000.00. The actual fees and costs to be paid under this Chapter 13 plan shall be based on the costs incurred and time spent on Debtor's case by counsel at applicable hourly rates. Counsel shall file one or more fee applications with the Bankruptcy Court as necessary to secure approval of Counsel's fees and costs.

C. <u>Residential Mortgage Obligations and Arrears</u>.   The Debtor(s)' secured mortgage obligations on their primary residence shall be paid as follows:

(1).  Until such time as the Bankruptcy Court shall order otherwise, Debtor shall pay by cash, personal check, money order, cashier's check or electronic payment, and the Mortgage Creditor(s) listed below shall accept the tender of, all payments due following the date of filing of the Debtor's Bankruptcy Petition.

Chapter 13 Plan - Page 1 of 5

     (2). Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and or/deeds of trust on the principal residence of the debtor to do the following:

      A). Apply the payments received from the trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance after both: (1) the Discharge Order in this case has been entered; and (2) payment in full of the allowed proof of claim has been made.

      (B). Deem the pre-petition arrearage as contractually current upon confirmation of the plan, thereby precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.

      (C). Provide all notices and do all acts otherwise imposed on each such mortgage by all federal, state and local laws and regulations including, but not limited to, the Bankruptcy Code and RESPA.

     (3). All of the pre and/or post-petition payment arrears (as indicated below) owing the Mortgage Creditor(s), are listed below, and shall be paid through this Chapter 13 Plan. The arrears owing as described below shall be deemed to include capitalized interest:

| CREDITOR | ARREARS |
|---|---|
| HSBC | $49,155.68 |

   D.  <u>Other Secured Claims</u>. Secured claims, other than those described in paragraph 3. C of this plan, shall be treated as follows:

     i. *Paid directly, cure default only*. The following creditors maintain a Secured Claim that is secured by the collateral indicated below. The Debtor shall continue to make regular contractual payments directly to the indicated creditor. Arrears, if any, as indicated below shall be paid through this Chapter 13 Plan:

| CREDITOR & COLLATERAL | CLAIM | ARREARS |
|---|---|---|
| None | | |

     ii. *Paid in full*. The following creditors maintain a claim against the Debtor that is secured by the collateral indicated below. Each such creditor shall receive, in full satisfaction of its Secured Claim, the value of its collateral or the amount of its claim, whichever is less, together with allowed interest. Total payments to be distributed to the creditor are also indicated below. The lien of each such creditor shall be retained until discharge is entered. Upon full payment, the affected creditor shall release and satisfy its lien:

| CREDITOR & COLLATERAL | DISTRIBUTION |
|---|---|
| Dept. of Revenue/all property | $43,742.75 |

Chapter 13 Plan - Page 2 of 5

Internal Revenue Service/all property          $57,008.64

        iii. *Surrender*. The following creditors maintain a claim against the Debtor that is secured by the collateral indicated below. In lieu of payment through this Chapter 13 Plan, as a secured, unsecured or priority creditor, the Debtor will surrender the collateral to each such creditor as their interests shall appear of record in full satisfaction of the obligation owing the Creditor:

CREDITOR & COLLATERAL          None

        E.    Priority Claims. Unsecured claims entitled to priority under 11 U.S.C. §507 shall be paid in full as follows:

| CREDITOR | PRIORITY CLAIM |
|---|---|
| Internal Revenue Service | $90,623.87 |
| Department of Revenue | $2,087.40 |
| Lancaster County Earned Income Tax Bureau | $0 |

        F.    Separate Class of Unsecured Claims.

CREDITOR & CLASSIFICATION     UNSECURED  CLAIM          None

        G.    General Unsecured Creditors. Except as may be otherwise indicated in this Plan, all other creditors holding timely filed and allowed claims not scheduled above are deemed unsecured without priority and shall be paid pro rata from funds remaining after payment of above scheduled claims. The Debtor represents that the amount to be paid to general unsecured creditors under this Chapter 13 plan complies with the Means Test.

    4.    Leases and Contracts. As of the date of filing of this bankruptcy, the Debtor was a party to the unexpired leases and/or executory contracts listed in this paragraph. The debtor hereby assumes or rejects said executory contracts or unexpired leases as indicated below. Any other contract, or claim arising out of a contract, not listed in this paragraph shall be conclusively presumed to be a debt arising out of a pre petition termination, rather than an unexpired lease or executory contract and, as such, will receive treatment as provided in paragraphs 3 B-F of this Plan as indicated therein.

NAME OF CREDITOR          DESCRIPTION          TREATMENT

None

    5.    Lien Avoidance. Debtor has filed, or may heretofore file, a Motion or Complaint, pursuant to Bankruptcy Rule 4003(d), to avoid all nonpossessory, non purchase money security interest, judicial liens as provided by 11 U.S.C. §522(f), and other avoidable liens, but not limited to those liens that may be avoidable pursuant to 11U.S.C. §506 and 11 U.S.C. 544-550. Debtor specifically reserves his right to file all appropriate lien avoidance actions after the date this Plan is confirmed, whether or not said claim or interest is specifically described as avoidable in this Plan or otherwise. Each such claim or lien avoided or to be avoided shall be treated as a general unsecured claim absent further Order from the Bankruptcy Court. Any creditors' claims or portions thereof not listed in paragraph C above are to be

treated as general unsecured and, absent an objection, such unsecured status, for purposes of this Plan, will be binding upon confirmation.

    6.    <u>Miscellaneous Provisions</u>.

    a.    <u>Co-debtor Stay</u> - All collection against any co-debtor of the Debtor shall be stayed during the term of this plan.

    b.    <u>Claim waiver -</u> All claims of creditors against the Debtor or the Debtor's property, whether or not such claim is alleged to be owing to secured, priority or general unsecured claimants, not filed on or before the date of confirmation of this Chapter 13 Plan, or any earlier bar date for the filing of claims as fixed by the Bankruptcy Court, may be determined to be satisfied and discharged, as provided in the Bankruptcy Code, and/or further Order of the Bankruptcy Court.  The Debtor reserves the right, at any time during the pendency of the Debtor's bankruptcy, whether or not the Debtor's Plan has been confirmed, to object to all Proofs of Claim filed by creditors, including subsequent amendments to filed Proofs of Claim not addressed or provided for under this Chapter 13 Plan and to file such avoidance actions as may be necessary to address issues of invalidity in the character or type of claim or lien asserted by a creditor.

    c.    <u>Automatic stay</u> - Notwithstanding 11 USC 362 (c)(1) and except and unless specifically set forth in this Plan, confirmation of this Chapter 13 Plan shall not affect, alter, modify or terminate the stay provided in 11 U.S.C. 362(a) as to the Debtor and or any property of the Debtor that had been previously property of the Bankruptcy estate prior to confirmation.

    d.    <u>Effective Date</u> – Unless otherwise indicated herein, the effective date of this plan shall be the date of filing of the Debtor's bankruptcy petition or the conversion of this case to a case under Chapter 13, whichever last occurs.

    e.    <u>Filing of Tax Returns</u> – The Debtor represents that (s)he has filed all required federal state and local tax returns, of any nature, due to be filed prior to the Effective Date of this Plan.

    f.    <u>Reconciliation with Chapter 7</u> – The Debtor represents that the amount to be paid under this Chapter 13 Plan to general unsecured creditors equals or exceeds the amount to which general unsecured creditors would be entitled in a Chapter 7 case.

    g.    <u>No Abuse</u> - - Based on an appropriate analysis of the Debtor's entire financial circumstances, including an analysis of her actual present income and expenses, and her form B22C (the Means Test), her bankruptcy filing is not abusive as defined and interpreted under 11 USC 707.

    h.    <u>Vesting of Property</u>  -  Except with respect to the Debtor's disposable income as described on the Debtor's I and J and/or any other property specifically contemplated by this Chapter 13 Plan to perform this Chapter 13 plan, property of the bankruptcy estate will vest in the Debtor upon confirmation of this Chapter 13 plan free and clear of creditors clamis who have been provided for by this Plan pursuant to 11 USC 1327(c).

    i.    <u>Acceptance of the Plan</u> - Holder's of allowed secured claims shall be deemed to have accepted this plan in the absence of the filing of a timely objection pursuant to <u>In re Szostek</u>, 886 F.2d 1405 (3d Cir. 1989).

Chapter 13 Plan - Page 4 of 5

7. Definitions - As used in this Plan, the following terms shall be defined as follows:

Debt - the Debtor's liability owing any creditor or claimant regardless of its origin, including, but not limited to, any liability arising out of an executor contract or unexpired lease.

Means test - the calculation of income and expenses as contained in 11 USC 707(b) utilized to determine if a Debtor's bankruptcy filing is presumptively abusive.

Plan Funding - the funds payable by the Debtor to the Chapter 13 Trustee to pay Debtor's obligations under this Chapter 13 plan, regardless of the source of the funds.

Secured Claim - a claim by a creditor of the Debtor for which the creditor maintains a lien on property owned by the Debtor created either consensually, statutorily and/or by judicial action.

Surrender - acquiescence by the debtor to the repossession or foreclosure by a Secured Creditor of its lien on its collateral.  Except as may otherwise be required be required under this Chapter 13 Plan, surrender shall not require the Debtor to undertake any action to facilitate the recovery or liquidation of collateral by the Secured Creditor.

All other terms utilized in this plan shall be ascribed the meanings that apply to them under 11 USC 101 and/or as interpreted by other applicable statutory or case law.

Dated:  8/8/16

**CASE & DIGIAMBERARDINO, P.C.**
s/John A. DiGiamberardino, Esquire
Attorney I.D. #41268
845 N. Park Rd., Ste. 101
Wyomissing, PA  19610
610-372-9900
610-372-5469- fax
Attorney for Debtor(s)